STEPP, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Appellants.

St. Louis Court of Appeals, April 30, 1907.

1. **JUDGMENTS: Double Damages: Remittitur.** A plaintiff was given a verdict for $25 in an action against a railroad company for killing stock and the court rendered judgment for double the amount as provided by statute. The plaintiff then remitted $10 from the damages "assessed by the court and jury;" This meant a remittitur from the total judgment of $50, not from the verdict of $25, and the court properly set aside the judgment and entered another for $40.

2. **RAILROADS: Killing Stock: Instruction.** In an action against a railroad company for killing plaintiff's cow, an instruction required the jury to find that the cow entered upon the track by reason of insufficient cattle-guards; the undisputed evidence showed the cow went on the track at a crossing and the instruction further declared that the plaintiff could not

recover if the cow was killed at the crossing, this was a sufficient requirement that the jury should find the cow escaped onto the right of way by reason of defective cattle-guards and was there killed, in order that plaintiff might recover.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*L. F. Parker* and *Moses Whybark* for appellants.

*J. V. Conran* for respondents.

GOODE, J.—Plaintiff obtained judgment for double damages for the loss of a cow killed by one of defendant's locomotives. The evidence tended to show the cow went on the track at the crossing of a public road, and after passing over a faulty cattle-guard, strayed down the track and was struck by the locomotive south of the cattle-guard. The main defense relied on at the trial was an accord and satisfaction. There was a dispute as to whether the accord included this case and the question was left to the jury. No point is made about it on the appeal.

A verdict was returned assessing plaintiff's damages at twenty-five dollars and this was within the value of the cow, as estimated by the witnesses, one of whom swore she was worth thirty-five dollars. A motion was filed by plaintiff asking the court to double the damages assessed by the jury, which was sustained and judgment entered for plaintiff for fifty dollars. On the next day a motion for a new trial was filed, alleging, among other things, an excessive verdict. A few days afterwards plaintiff entered a remittitur of ten dollars, "parcel of the damages by the court and jury assessed and awarded to him by the judgment of the court," the entry recites. Thereupon the court set aside the judgment previously rendered and entered judgment for forty dollars, the res-

idue not remitted, together with his costs. At the same time the motion for new trial was overruled. With the record in this state defendant insists the judgment was erroneous, contending that as plaintiff remitted ten dollars "parcel of the damages by the court and jury assessed," the judgment ought to have been for thirty dollars, at most. This is the argument: the jury had returned a verdict assessing plaintiff's damages at twenty-five dollars. When he remitted ten dollars from the damages "assessed by the court and jury," fifteen dollars was left as the amount of the verdict and the court was not warranted to enter judgment for more than double that sum. In view of the course pursued, we think this reasoning is fallacious. After the jury had returned a verdict for twenty-five dollars and the court had given judgment for twice as much, plaintiff remitted ten dollars, clearly meaning from the judgment in the case. The amount of damages assessed by the court and jury was not the value of the animal, but double its value; and when the remittitur was made, this left plaintiff entitled to forty dollars, and the court rightly set aside the first judgment and entered judgment for said sum.

In an instruction granted at plaintiff's request, the court told the jury certain facts they must find in order to justify a verdict for the plaintiff, and, among others, that the point at which the cow was killed was not a public crossing, or within the switch limits of a station, or in an incorporated town or village. The criticism of this instruction is that it allowed the jury to find for plaintiff if the animal was killed away from the designated places regardless of where she got on the track. In the same instruction the court required the jury to find the cow entered on the track and right of way by reason of insufficient cattle-guards. The undisputed evidence is that the cow went on the track at the crossing. If she was killed there, plaintiff had no case, and so, in substance, the instruction declared. But if she escaped

into the right of way beyond the cattle-guard, in consequence of its being defective, plaintiff was entitled to recover. This was the effect of the instruction.

The judgment is affirmed. All concur.